HALKO, RESPONDENT, v. ANDERSON ET AL., APPELLANTS.
(No. 7,855.)

(Submitted February 8, 1939.  Resubmitted May 3, 1939.  Decided June 27, 1939.)

[93 Pac. (2d) 960.]

596

[redacted]

*Mr. H. O. Vralsted,* for Appellants, submitted a brief and argued the cause orally.

*Mr. O. B. Kotz* and *Mr. H. Norskog,* for Respondent, submitted a brief; *Mr. Kotz* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from an order granting a writ of possession. The order was made after final judgment entered by the district court in the companion case numbered 7816, this day decided.

The writ of possession was properly issued by the trial court under the conditions then existing, by virtue of section 9081, Revised Codes, reading: "In an action brought by a person out of possession of real property, to determine an adverse claim of an interest or estate therein, the person making such adverse claim and the persons in possession may be joined as defendants, and if the judgment be for the plaintiff, he may have a writ for the possession of the premises, as against the defendants in the action against whom the judgment has passed." (And compare *Doggett* v. *Johnson,* 82 Mont. 338, 267 Pac. 292.) However, this court on the appeal of this and the companion case No. 7816, by an opinion rendered on February 28 in cause No. 7816 reversed the judgment of the district court and remanded the cause for a new trial, and in this case di-

rected the court to set aside the order for the issuance of the writ of possession and to enter an order denying it.

In due time plaintiff filed a motion for rehearing in both cases, which after consideration were granted and the causes were reargued in this court on May 3. In companion case No. 7816 we are now affirming the judgment. During this time defendants, so far as we are entitled to assume, have remained in possession and, presumptively, have planted crops on the land in controversy. If we are correct in these assumptions, it would obviously be improper, under the circumstances, to grant plaintiff the right of possession without recognizing the rights of defendants in the growing crops.

This matter will be remanded to the district court with directions to hear further proof as to whether defendants have put in a crop on the lands or any part thereof on the strength of our former opinion. If they have, and if the parties are unable to agree upon a reasonable rental of the property to be paid by defendants to plaintiff for such further time as is needed to remove the crops, then before plaintiff is entitled to a writ of possession he must make adequate compensation to defendants for their interest in the growing crops, if any. It is so ordered.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, STEWART and ERICKSON concur.

Rehearing denied September 26, 1939.